# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, | |
| *Plaintiff,* | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES OF AMERICA, | Case No. 1:22-cv-22459-KMM |
| *Defendants*, | |
| and | |
| THE STATE OF FLORIDA and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | |
| *Defendant-Intervenor.* | |

## CONSENT MOTION FOR CLARIFICATION
## OF THE COURT'S JUNE 8, 2023, ORDER

Defendants United States Environmental Protection Agency ("EPA") and the United States of America (together, the "Federal Defendants"), and Defendant-Intervenor State of Florida and Florida Department of Environmental Protection ("Intervenor") respectfully submit this motion for clarification of the Court's Order of June 8, 2023, ECF No. 29, which denied the parties' joint motion to set a briefing schedule and requesting leave to file excess pages, ECF No. 28. Plaintiff Miccosukee Tribe of Indians of Florida consents to the relief requested herein.

EPA and Intervenor seek clarification of the operative schedule for motions for summary judgment—given that the trial date had been vacated—and respectfully requests that the Court consider adopting a revised proposed schedule that would streamline the issues, reduce the

number of total pages, provide sufficient time for internal review by government agencies, and avoids counsel's scheduling conflicts.

## BACKGROUND

This record-review case involves Plaintiff's challenge, under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, to EPA's approval of Intervenor's request to assume authority for regulating discharges of dredged or fill material into waters within the jurisdiction of the State in accordance with Clean Water Act section 404(g-l).  Plaintiff seeks declaratory and injunctive relief, including vacatur of EPA's approval of Florida's proposal that the state assume responsibility for issuing permits for the discharge of dredged or fill material into certain waters within State and subsequent transfer of authority to the State of Florida to issue permits for the discharge of dredged or fill material into certain waters within the State.

On November 17, 2022, the Court issued a Paperless Order setting various deadlines, including a trial in Miami commencing the two-week trial period of October 23, 2023.  ECF No. 21.  The Order directed that all pretrial motions, including summary judgment motions, be filed no later than 80 days before the trial date.  *Id.*

On January 18, 2023, the parties jointly filed a proposed schedule to set deadlines for answering the complaint, filing the administrative record, and addressing any challenges to the administrative record.  ECF No. 23.  The parties advised the Court that Plaintiff's claims can and should be resolved through cross-motions for summary judgment based on the Certified Administrative Record.  *Id.* at 2.  Consistent with this approach, the parties requested that the Court vacate the trial set to commence in Miami in October 2023.  *Id.* at 3.

On March 1, 2023, the Court adopted the parties' proposed schedule.  ECF No. 24.  At the same time, the Court required the parties, once any issues regarding the Certified

Administrative Record[1] were resolved, to file a proposed schedule to govern merits briefing.  *Id.*
The Court also vacated its November 17, 2022, Order scheduling a trial in Miami.  *Id.*

To comply with the Court's order, on May 12, 2023, the parties filed a joint motion to set
a summary judgment briefing schedule.  ECF No. 28.  The parties proposed to file combined
briefs that consolidated arguments in support of and in opposition to motions and requested
modest extensions of the page limitations set forth in the local rules.  *Id.* at 2.  The parties further
proposed a staggered schedule, beginning with Plaintiff's motion to be filed on June 8, 2023, that
allowed Intervenor to file a shorter brief to avoid repeating arguments made by the Federal
Defendants.  *Id.*  The parties negotiated the proposed deadlines to avoid conflicts with counsel's
plans to travel abroad.

On June 8, 2023, the Court denied the parties' joint motion without explanation.  ECF
No. 29.  The Court ordered the parties to abide by the briefing schedule stated in its vacated
November 21, 2022, Order, which required motions to be filed 80 days before the trial date.

## DISCUSSION

The moving parties have reviewed the Court's June 8, 2023, Order and request
clarification as to the applicable summary judgment motion deadlines, given that the Court
previously vacated the November 17, 2022, Order, including the October 2023 trial date.  The
parties had understood that the Court had ordered them to submit a joint proposed briefing
schedule and that the prior schedule tied to the trial date was no longer effective.  *See* ECF No.
24.  For the following reasons, the Federal Defendants and Intervenor, with Plaintiff's consent,
respectfully propose that the Court clarify its prior Order and, if appropriate, consider the parties'

---

[1]  On March 14, 2023, EPA filed the Certified Index to the Administrative Record for the
challenged agency actions.  ECF No. 26.

revised briefing schedule, which would streamline the issues in dispute and result in significantly fewer filings and pages than the schedule provided by the local rules.

*First*, because this is a record-review case under the APA, the parties have agreed that the claims can and should be decided via cross-motions for summary judgment and that no trial will be necessary. When applying the APA to review administrative actions, "the Court determines the issues based on the agency's administrative record, a trial is generally unnecessary, and summary judgment is often appropriate." *Loggerhead Turtle v. County Council of Volusia Cty., Fla.,* 120 F. Supp. 2d 1005, 1011-12 (M.D. Fla. 2000) (citing *Florida Fruit & Veg. Ass'n v. Brock,* 771 F.2d 1455, 1459 (11th Cir. 1985), *cert. denied,* 475 U.S. 1112 (1986)) (the summary judgment procedure is particularly appropriate in cases in which the court is asked to review . . . a decision of a federal agency). For this reason, the parties proposed that the Court vacate the trial date in its November 17, 2022, Order. The Court did so in its March 1, 2023, Order. ECF No. 24. Accordingly, the moving parties respectfully request clarification of the Court's June 8, 2023, Order directing the parties to base the summary judgment schedule on a vacated trial date.

*Second*, if the Court is inclined to clarify its prior decision, Federal Defendants and Intervenor request that it consider adopting the revised proposed briefing schedule set forth below. The updated schedule is designed to narrow the issues as merits briefing proceeds by allowing Intervenor to file shorter briefs after the Federal Defendants file their briefs. This staggered structure would allow Intervenor to incorporate by reference arguments from the Federal Defendants' brief and thereby avoid unnecessary repetition, given that the Federal Defendants may not share drafts of their submittals with Intervenor. To further streamline the briefing, the parties propose to file combined briefs where a party is supporting and opposing separate motions, a measure that would facilitate the Court's review of the arguments and reduce

the total number of briefs and pages.[2]  Even with the modest increases of page limitations on

certain filings, the briefing structure would result in fewer pages than if each of the three parties

filed separate simultaneous motions under the local rules.[3]

    *Finally*, the moving parties—state and federal government entities—are likely to require

additional time beyond that set forth in Local Civil Rule 7.1 for management review and

approval of the merits briefs.  The proposed schedule accounts for the extra time needed for

internal reviews and management approval of arguments addressing potentially complex issues

of statutory interpretation.  Further, the parties negotiated the proposed deadlines to work around

various personal and work-related scheduling conflicts among the lawyers involved in this case

(including, among other things, counsel's plans to travel abroad).[4]

    For the preceding reasons, Federal Defendants and Intervenor respectfully suggest that if

the Court is inclined to consider adopting a proposed schedule, that it consider adopting the

following revised proposed briefing schedule, which has been prepared with the agreement of all

parties and based on the considerations discussed above:

---

[2]  The staggered briefing schedule is similar to the one used for summary judgment briefing in
another civil action involving the agency action at issue here.  *See Center for Biological
Diversity v. EPA*, Civ. A. No. 21-00119 (RDM) (D.D.C.) (Order of Jan. 31, 2023).

[3]  The proposed schedule allows for a total of 130 pages across six briefs.  By contrast, Local
Civil Rule 7.1(c)(2) allows the parties a combined maximum of 170 pages across as many as 10
briefs.

[4]  The undersigned counsel for the Federal Defendants has made firm plans (including
nonrefundable airfares) to travel abroad between August 31 and September 14, 2023, and has
tentative plans to travel during Thanksgiving week and the following week.

| Document | Page Limit | Deadline |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | 25 | July 24, 2023 |
| Federal Defendants' Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment | 30 | September 21, 2023 |
| Intervenor's Combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment | 20 | October 11, 2023 |
| Plaintiff's Combined Opposition to the Federal Defendants' and Intervenor's Cross-Motions for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment | 30 | November 10, 2023 |
| Reply in Support of the Federal Defendants' Cross-Motion for Summary Judgment | 15 | December 10, 2023 |
| Reply in Support of Intervenor's Cross-Motion for Summary Judgment | 10 | December 17, 2023 |

## CONCLUSION

For the foregoing reasons and in the interests of justice, Federal Defendants and Intervenor, with Plaintiff's consent, request that the Court clarify its Order of June 8, 2023, ECF No. 29, with respect to the applicable schedule for the filing of summary judgment motions. If the Court is amenable to considering the parties' suggested schedule, the moving parties respectfully request that the Court enter the deadlines as proposed above, including the modest enlargements of the page limits.[5]

---

[5] Alternatively, if the joint proposed schedule is unacceptable to the Court, the moving parties request that the Court set a status conference to resolve the schedule and briefing format for this matter.

Dated:  June 28, 2023

Respectfully submitted,

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9001
Facsimile: (305) 530-7679

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

_____/s/ Paul Cirino_____
PAUL CIRINO (DC Bar #1684555)
ANDREW S. COGHLAN (CA Bar #313332)
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 514-3468 (Cirino)
Telephone: (202) 514-9275 (Coghlan)
paul.cirino@usdoj.gov
andrew.coghlan@usdoj.gov

*Attorneys for the Federal Defendants*

BAKER BOTTS L.L.P.

/s/ Jeffrey H. Wood_____
Jeffrey H. Wood (Fla. Bar No. 713333)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7732
jeff.wood@bakerbotts.com

Lily N. Chinn (DC Bar No. 979919)
101 California Street
San Francisco, CA 94111
Phone: (415) 291-6200
lily.chinn@bakerbotts.com

*Attorneys for Intervenor*