UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, <br><br>         *Plaintiff*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and UNITED STATES OF AMERICA, <br><br>         *Defendants*, <br><br> and <br><br> THE STATE OF FLORIDA and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, <br><br>         *Defendant-Intervenor.* | Case No. 1:22-cv-22459-KMM |

## MOTION TO STAY PROCEEDINGS

Defendants United States of America and United States Environmental Protection Agency (jointly, "Federal Defendants") respectfully submit this Motion to Stay Proceedings for 60 days—until April 29, 2024—while the parties review and consider the next steps in *Center for Biological Diversity v. Regan*, Civ. No. 21-119 RDM (D.D.C.), which vacated the same agency action that Plaintiff Miccosukee Tribe of Indians of Florida challenges in this case. Intervenors State of Florida and Florida Department of Environmental Protection take no position on the requested stay, while Plaintiff partially opposes the relief requested herein.[1]

---

[1] Plaintiff opposes the terms of the relief requested by Federal Defendants but would not oppose a limited stay of the proceedings in this case of up to 30 days at the conclusion of which the parties would submit a joint proposal governing further proceedings. Intervenors take no

## BACKGROUND

The instant case involves Plaintiff's challenge, under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, to EPA's approval of the State of Florida's request to assume authority for regulating discharges of dredged or fill material into waters within the jurisdiction of the State in accordance with Clean Water Act ("CWA") section 404(g-*l*).  Plaintiff seeks declaratory and injunctive relief, including vacatur of EPA's approval of Florida's Clean Water Act Section 404 permitting program.  In the instant case, as of December 27, 2023, the parties completed the briefing of cross-motions for summary judgment.  Those motions are pending.

On February 15, 2024, the Court in *Center for Biological Diversity* granted the environmental organization plaintiffs' motion for summary judgment and vacated EPA's approval of Florida's Clean Water Act Section 404 permitting program.  Dkt. No. 46 (Notice of Decision in Related Case attaching Memorandum Opinion and Order).  The Court further allowed the defendants to seek a limited stay of the order vacating the assumption decision by within 10 days.  *Id.*  The court's decision was based on arguments advanced by the plaintiffs under the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, and relevant regulations that are not at issue in the case at bar.

On February 26, 2024, the federal defendants, the State of Florida, and a permit applicant filed briefs regarding the District of Columbia District Court's suggestion of a limited stay.  The court has ordered the plaintiffs to file a response by March 7, 2024.  It is unclear when the court will respond to these submissions.

---

position on the relief requested, and on February 26, 2024, they moved for a limited stay from the District Court for the District of Columbia of its vacatur order.

## APPLICABLE LEGAL STANDARD

District courts have "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted). The Court is "given considerable leeway in the exercise of its judgment' of whether to grant a stay. *Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *1 (S.D. Ind. June 17, 2019) (citing *Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 721-23 (Fed. Cir. 2015)). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Morrissey v. Subaru of Am., Inc.*, No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation omitted).

As relevant here, a district court "has the inherent authority to stay proceedings pending resolution of a related matter in another court." *Ali v. 7-Eleven, Inc.*, No. 22-20328-CIV, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022); *see also Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) ("When ruling on a motion to stay pending the resolution of a related case in another forum, district courts must consider both the scope of the stay and the reasons given for the stay."). The moving party bears the burden of demonstrating that a stay is appropriate. *Friends of the Everglades v. United States*, No. 08-21785-CIV-ALTONAGA/Brown, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008).

## DISCUSSION

All parties agree that this case should be stayed for a limited period. For the following reasons, a 60-day stay of the instant case is reasonable and would promote judicial efficiency.

3

*First*, Plaintiff in this case is challenging the same agency action that the court in *Center for Biological Diversity* has vacated.  *See* Dkt. No. 46-1 ("It is also ORDERED that the EPA's approval of Florida's application to assume authority to issue permits under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, is hereby VACATED.").  If that decision remains intact, it would render this case moot because Plaintiff is seeking the same relief.  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (holding that a case becomes moot when the court can no longer afford meaningful relief).  Accordingly, it makes little sense for this Court to adjudicate the pending cross-motions for summary judgment at this time.

*Second*, a 60-day stay is appropriate.  By March 7, 2024, the parties in *Center for Biological Diversity* will complete their briefing regarding whether the D.C. District Court should enter a limited stay of the vacatur.  After briefing is complete, the parties expect the court to rule on the limited stay.  Depending on how the court rules, one or more aggrieved parties may seek review of that decision.  The timetable for such proceedings is unclear, but it is likely that there will be more clarity as to the status of *Center for Biological Diversity* within the next two months.  Federal Defendants propose to confer with counsel for Plaintiff and the State of Florida in this case and, by April 29, 2024, submit a Status Report summarizing the status of the case and proposing further proceedings as appropriate.[2]

*Finally*, Federal Defendants are unaware of any prejudice to any party if the Court were to grant this motion, and no party has claimed that they would be harmed by the requested stay.  The Complaint seeks a declaration that EPA's approval of Florida's proposal to assume

---

[2]  It is unclear why Plaintiff prefers a 30-day stay.  Federal Defendants propose a 60-day stay to allow for the D.C. District Court's ruling on the State of Florida's request for a limited stay and any subsequent request for judicial review.  If, in the interim, it becomes clear that this Court should or should not proceed with the adjudication of the pending cross-motions, the Federal Defendants (or another party) may move to lift the stay.

responsibility for issuing permits under Clean Water Act Section 404 was unlawful.  ECF No. 1 at 31.  Plaintiff's summary judgment motion also asked the Court to set aside EPA's approval. *See, e.g.*, ECF No. 32 at 1-2.  Because the court in *Center for Biological Diversity* has vacated the same agency action—EPA's approval of the State of Florida's Clean Water Act Section 404 permitting program—Plaintiff will not be prejudiced by a 60-day stay.  Indeed, unless and until the D.C. District Court's vacatur is lifted, Plaintiff can apply for a Section 404 permit from the U.S. Army Corps of Engineers rather than Florida, which is the outcome they claim to seek in this case.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and stay these proceedings for 60 days, until April 29, 2024.  The Court should further order the Federal Defendants to submit a Status Report on that date advising of the status of the proceedings in *Center for Biological Diversity* and, after conferring with Plaintiff and Intervenor, propose further proceedings as appropriate.

Dated:  February 29, 2024  Respectfully submitted,

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, Florida  33132
Telephone: (305) 961-9001
Facsimile: (305) 530-7679

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

          /s/ *Paul Cirino*
PAUL CIRINO (DC Bar #1684555)
ANDREW S. COGHLAN (CA Bar #313332)
Environmental Defense Section

U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 514-3468 (Cirino)
Telephone: (202) 514-9275 (Coghlan)
paul.cirino@usdoj.gov
andrew.coghlan@usdoj.gov

*Attorneys for the Federal Defendants*