UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22459-KMM

MICCOSUKEE TRIBE OF
INDIANS OF FLORIDA,

    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and UNITED
STATES OF AMERICA,

    Defendants,

v.

STATE OF FLORIDA and FLORIDA
DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

    Intervenor-Defendants.
_____ /

## **ORDER**

THIS CAUSE came before the Court upon Defendants United States of America and United States Environmental Protection Agency's (jointly, "Federal Defendants") Motion to Stay Proceedings. ("Mot.") (ECF No. 48). Plaintiff Miccosukee Tribe of Indians of Florida ("Plaintiff") filed a Response in opposition. ("Resp.") (ECF No. 49). The Intervenor-Defendants take no position on the requested relief. Mot. at 1. For the reasons set forth below, the Motion to Stay Proceedings is GRANTED IN PART.

In the Motion to Stay Proceedings, Federal Defendants request a 60-day stay until April 29, 2024, to allow time for the Parties to review and consider next steps in the instant matter in

light of *Center for Biological Diversity v. Regan*, Civ. No. 21-119 RDM (D.D.C.).  Mot. at 1.  In *Center for Biological Diversity,* the district court recently granted summary judgment for the plaintiffs and vacated the EPA's approval of Florida's Clean Water Act Section 404 permitting program, the exact agency action that Plaintiff challenges in this case.  *See generally* (ECF No. 46-1).  The court further allowed the defendants to seek a limited stay of the order vacating the EPA's agency action within 10 days of the summary judgment decision.  *Id.* at 99.  Thus, Federal Defendants argue that if this decision remains intact, it will render this case moot because Plaintiff here is seeking the same relief that was granted in *Center for Biological Diversity*.  Mot. at 4.  Federal Defendants estimate that by the end of the 60-day stay, the Parties will have "more clarity" as to the status of *Center for Biological Diversity* and the Parties will be able to submit a status report proposing further proceedings as appropriate.  *Id.*

In response, Plaintiff argues that a stay is not appropriate or reasonable because:  (1) Federal Defendants have not pointed to a particular milestone that will occur in *Center for Biological Diversity* to justify a stay; (2) there is no risk of inconsistent rulings between this case and *Center for Biological Diversity*; (3) a stay would prejudice Plaintiff because there are projects that cannot be completed until this case is resolved; and (4) the order vacating the EPA's agency action is not a final judgment.[1]  Resp. at 6–10.

In *Center for Biological Diversity*, the court vacated the EPA's approval of Florida's Clean Water Act program for failure to comply with the Endangered Species Act, 16 U.S.C. § 1531 *et*

---

[1] Plaintiff also argues that the Motion should be denied for failure to comply with Local Rule 7.1(a)(3) because Federal Defendants did not certify that they conferred with counsel for the other Parties in a good faith effort to resolve the issues raised in the Motion.  *See* Mot. at 4.  Nevertheless, the Court will reach the merits of the Motion.  *See Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2018 WL 7364571, at *2 (S.D. Fla. Dec. 18, 2018) ("[D]enying a motion for failure to comply with Local Rule 7.1(a)(3) is discretionary.").  The Parties are warned that any future motions may be denied solely for failure to comply Local Rule 7.1(a)(3).

*seq. See generally* (ECF 46-1).  Here, Plaintiff asks this Court to set aside the same agency action, albeit for a different reason.  (ECF No. 32) at 2 ("[B]ecause EPA's approval of the State of Florida's application . . . failed to comply with the CWA, EPA's regulations implementing the CWA, and the United States Constitution, that approval must be set aside.").  Although the court in *Center for Biological Diversity* has not yet issued partial final judgment following its order vacating the EPA's approval, this Court recognizes that upon a final judgment on the vacatur, this Court would be unable to grant meaningful relief.  *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (*per curiam*) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed . . . .  Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." (citations and internal quotation marks omitted)).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Stay Proceedings (ECF No. 48) is GRANTED IN PART.  In the interest of judicial economy and under the Court's inherent authority to manage its cases, the Court shall STAY the proceedings for thirty (30) days until April 17, 2024.  It is FURTHER ORDERED that the Parties shall file a status report proposing further proceedings and seeking such other relief, such as a motion to extend the stay or to dismiss any claims as moot, on or before April 17, 2024.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>18th</u> day of March, 2024.

K. M. Moore<br>
K. MICHAEL MOORE<br>
UNITED STATES DISTRICT JUDGE

c:  All counsel of record