UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

*Plaintiff*,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and UNITED
STATES OF AMERICA,

*Defendants*,

and

THE STATE OF FLORIDA and
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

*Defendant-Intervenor.*

Case No. 1:22-cv-22459-KMM

**JOINT STATUS REPORT**

Pursuant to the Court's Order of March 18, 2025, ECF No. 60, Plaintiff Miccosukee Tribe of Indians of Florida, Defendants United States of America and United States Environmental Protection Agency ("EPA") (jointly, the "Federal Defendants"), and Intervenors the State of Florida and the Florida Department of Environmental Protection (jointly, "Florida") submit this Status Report providing an update of the related proceedings in *Center for Biological Diversity v. Regan*, and requesting that the Court extend the stay by 90 days.

The instant case involves Plaintiff's challenge, under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, to EPA's approval of the State of Florida's request to assume authority for regulating discharges of dredged or fill material into waters within the jurisdiction of the State in accordance with Clean Water Act Section 404(g-*l*), 33 U.S.C. § 1344(g-*l*). Plaintiff seeks

declaratory and injunctive relief, including vacatur of EPA's approval of Florida's Clean Water Act Section 404 permitting program.  In the instant case, as of December 27, 2023, the parties completed the briefing of cross-motions for summary judgment.

As previously reported, on February 15, 2024, the court in *Center for Biological Diversity v. Regan*, No. 21-cv-0119-RDM (D.D.C.), granted the environmental organization plaintiffs' motion for summary judgment and vacated EPA's approval of Florida's assumption of the Clean Water Act Section 404 permitting program.  ECF No. 46 (Notice of Decision in Related Case attaching Memorandum Opinion and Order).  On March 18, 2024, this Court stayed the instant case because "Plaintiff asks this Court to set aside the same agency action" and "this Court recognizes that upon a final judgment on the vacatur, this Court would be unable to grant meaningful relief."  ECF No. 50 at 3.

On April 12, 2024, the District Court in *Center for Biological Diversity* entered partial, final judgment as to counts one through six, and eight through thirteen in the operative complaint pursuant to Rule 54(b).  All parties have filed either an appeal or a cross-appeal, and those proceedings have been consolidated in the D.C. Circuit.  *Center for Biological Diversity v. Zeldin*, Nos. 24-5101, 24-5156, 24-5159 (D.C. Cir.).  The D.C. Circuit entered a schedule for briefing on the merits.

Since the previously filed Joint Status Report, ECF No. 61, on May 5, 2025, the D.C. Circuit held oral argument.  The parties are awaiting the Court's ruling.

The parties' previous Joint Status Reports requested that the Court extend the stay for 90 days because the relief granted in the D.C. litigation is the same as the relief sought by Plaintiff here, and any adjudication of the merits would constitute an inappropriate advisory opinion.  *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208,

1217 (11th Cir. 2000) (stating that the "case or controversy" requirement prevents federal courts from deciding a case on the merits if such a decision could no longer provide "meaningful relief" to the parties). The parties agreed that the most sensible approach is to await the outcome of the appellate proceedings in *Center for Biological Diversity*. If the District Court's decision is reversed, either in whole or in part, the parties and the Court can consider whether it makes sense to proceed to adjudication of the pending cross-motions for summary judgment.

Based on the foregoing, the parties propose that the Court extend the stay by 90 days. The Court should further direct the parties to submit a Status Report in 90 days providing an update of the related proceedings in *Center for Biological Diversity*, proposing further proceedings in the instant case, and requesting appropriate relief.

\*   \*   \*

Dated: June 12, 2025                    Respectfully submitted,

              /s/ *George B. Abney*
GEORGE B. ABNEY
Florida Bar # 171557
george.abney@alston.com
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404/881- 7777

*Attorney for Plaintiff Miccosukee Tribe of Indians of Florida*

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division

              /s/ *Paul Cirino*
PAUL CIRINO (DC Bar #1684555)
Environmental Defense Section
U.S. Department of Justice

3

P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3468
paul.cirino@usdoj.gov

*Attorneys for the Federal Defendants*

BAKER BOTTS L.L.P.

/s/ *Jeffrey H. Wood*
Jeffrey H. Wood (Fla. Bar No. 713333)
700 K Street, NW
Washington, D.C. 20001
Phone: (202) 639-7732
jeff.wood@bakerbotts.com

*Attorneys for Intervenor*